UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOEL STEINMETZ, *individually and on behalf of*   :
*all others similarly situated,*
                                                  :
                              Plaintiff,
                                                  :   **MEMORANDUM DECISION AND**
                                                      **ORDER**
                - against -                        :
                                                      21-CV-5059 (AMD) (RER)
ALLIED INTERSTATE, LLC and LVNV                   :
FUNDING, LLC,
                                                  :
                              Defendants.
                                                  :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On December 30, 2021, the plaintiff filed this amended class action complaint, asserting

claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

(ECF No. 17.)  On February 2, 2022, the defendants moved to dismiss the action pursuant to

Rule 12(b)(6).  (ECF No. 19.)  For the reasons that follow, I dismiss the action for lack of subject

matter jurisdiction.

### BACKGROUND

The plaintiff incurred a debt with Synchrony Bank ("Synchrony").[1]  (ECF No. 17 ¶¶ 23,

24.)  Synchrony sold the debt to LVNV Funding LLC ("LVNV"), which then contracted with

Allied Interstate LLC ("Allied") to collect the debt.  (*Id.* ¶¶ 26, 27.)  Allied sent the plaintiff two

letters: an initial collection notice about the debt (the "first letter") on June 2, 2021, and a second

collection notice (the "second letter") on June 10, 2021.  (*Id.* ¶¶ 35, 45.)

---

[1] The plaintiff refers to the debt as the "alleged debt."  (ECF No. 17 ¶ 24.)  He acknowledges, however,
that he owed the debt to Synchrony (*id.* ¶ 39 (alleging that the second letter caused him to believe "that
he did not owe this debt anymore")), and that Synchrony "later sold the defaulted debt . . . to the current
creditor, Defendant LVNV."  (*Id.* ¶ 26.)

Both letters identify Synchrony as the original creditor, the amount owed as $669.45, LVNV as the current creditor and Allied as the company acting on LVNV's behalf to collect the debt. (ECF No. 9-1 at 2, 4.)[2] In the first letter, Allied wrote that the debt could be resolved by a payment of $0.00, but in the second letter, said that it could be resolved for $575.73. (ECF No. 17 ¶¶ 37, 47.) The plaintiff claims that "[w]hen a debt collector fails to provide the correct amount of the debt, in violation of statutory law, the debt collector has harmed the consumer," and alleges that the defendants' violation of the FDCPA has harmed him. (*Id.* ¶¶ 58, 59.) Moreover, citing the different settlement amounts, the plaintiff alleges that he "had to spend time and money investigating these [l]etters and their consequences," and that "[b]ut for Defendant[s'] actions, [he] would have responded differently." (*Id.* ¶¶ 49, 54.)

The plaintiff filed the original complaint on September 10, 2021, and the first amended complaint on October 27, 2021. (ECF Nos. 1, 9.) With the defendants' consent (ECF No. 18), the plaintiff filed the second amended complaint (the "complaint") on December 30, 2021. (ECF No. 17.) The plaintiff alleges violations of 15 U.S.C. § 1692e ("Count I") and 15 U.S.C. § 1692g ("Count II"). (ECF No. 17 ¶¶ 60-69.) In Count I, the plaintiff alleges that the defendants violated § 1692e by sending two letters with "statements that are open to more than one reasonable interpretation, at least one of which is inaccurate," "[f]alsely representing the character, amount, or legal status of the debt," and "making a false and misleading representation[]." (*Id.* ¶ 78.) The plaintiff alleges that the "letters, when read together, are open to more than one reasonable interpretation:" that "[e]ither the Plaintiff can satisfy the debt for zero dollars or for $575.73, but not both." (*Id.* ¶¶ 50, 51.) In Count II, the plaintiff alleges that

---

[2] The second amended class action complaint states that the first and second letters are "attached as Exhibit A and Exhibit B." (ECF No. 17 ¶ 16.) The original complaint and first amended complaint included the letters as attachments, but the second amended complaint does not. (ECF No. 1-1 at 2, 4; ECF No. 9-1 at 2, 4.)

the "[d]efendants violated Section 1692g(a) by providing an inaccurate representation how much Plaintiff needed to pay to satisfy the outstanding debt in full." (*Id.* ¶ 68.)

On May 27, 2022, I directed the parties to file supplemental briefing "addressing whether the plaintiff has alleged injury-in-fact and has Article III standing in light of the Supreme Court's decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021) and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Trust Company, N.A.*, 19 F.4th 58 (2d Cir. 2021)." (May 27, 2022 Order.) Both parties say that the plaintiff has alleged injury-in-fact, and has Article III standing. (ECF Nos. 23, 24.)

## LEGAL STANDARD

"Article III of the Constitution limits the jurisdiction of the federal courts to 'cases' and 'controversies.'" *Kyszenia v. Ricoh USA, Inc.*, No. 20-CV-2215, 2022 WL 326981, at *12 (E.D.N.Y. Feb. 3, 2022) (citing U.S. Const. art. III, § 2, cl. 1). "This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009). "Standing is 'the threshold question in every federal case,' and determines 'the power of the court to entertain the suit.'" *Kyszenia*, 2022 WL 326981, at *12 (quoting *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999)). "To establish constitutional standing, a plaintiff must prove: '(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision.'" *Id.* (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)). "A plaintiff must demonstrate standing for each claim he asserts." *Cavazzini v. MRS Assocs.*, No. 21-CV-5087, 2021 WL 5770273, at *2 (E.D.N.Y. Dec. 6, 2021) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims." *Wolkenfeld v. Portfolio Recovery Assocs.,*

*LLC*, No. 22-CV-1156, 2022 WL 1124828, at \*2 (E.D.N.Y. Apr. 14, 2022) (citing *TransUnion*, 141 S. Ct. at 2203).

"Prior to *TransUnion*, many courts assumed that, when Congress created a statutory cause of action, a violation of that statute was sufficient to create an injury-in-fact for purposes of establishing Article III standing." *Id.* (citing *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018)). "In *TransUnion*, however, the Supreme Court made clear that, while 'Congress may create causes of action for plaintiffs to sue defendants, under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.'" *Id.* (alteration omitted) (emphasis in original) (quoting *TransUnion*, 141 S. Ct. at 2205); *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) ("[T]he Supreme Court clarified that a plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he can show a current or past harm beyond the statutory violation itself." (citing *TransUnion*, 141 S. Ct. at 2204-07)). "The Court explained that whether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts.'" *Maddox*, 19 F.4th at 63 (quoting *TransUnion*, 141 S. Ct. at 2204).

"[F]ederal courts have an independent obligation to resolve any issue about their subject matter jurisdiction *sua sponte*." *Gross v. TransUnion, LLC*, No. 21-CV-1329, 2022 WL 2116669, at \*1 (E.D.N.Y. June 13, 2022). "Where a court lacks subject matter jurisdiction, dismissal is mandatory." *Green v. Forster & Garbus, LLP*, No. 19-CV-3550, 2022 WL 939743, at \*1 (E.D.N.Y. Mar. 29, 2022) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), and Fed. R. Civ. P. 12(h)(3)).

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

"Because standing is a 'threshold matter' in determining whether the district court [has] jurisdiction to hear and decide this case, [the Court] address[es] standing at the outset of [its] analysis." *Cohen*, 897 F.3d at 80 (quoting *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 44 (2d Cir. 2015)). The plaintiff claims only that he has been harmed by the defendants' statutory violation of the FDCPA, that he "had to spend time and money investigating [the] [l]etters and their consequences," and that "[b]ut for Defendant[s'] actions, [he] would have responded differently." (*Id.* ¶¶ 49, 54, 58, 59.) These are not "concrete harms" sufficient to establish Article III standing.

First, as the plaintiff concedes (ECF No. 23 at 2), confusion alone over a debt collection letter cannot establish injury-in-fact. *See Devitt v. Portfolio Recovery Assocs., LLC*, No. 21-CV-5657, 2022 WL 1460278, at *8 (E.D.N.Y. May 9, 2022) ("Multiple courts have found alleged confusion to be insufficient for standing in the FDCPA context.") (collecting cases); *see also Wolkenfeld*, 2022 WL 1124828, at *2 (finding that the plaintiff's allegations that he "was concerned and confused by" a collection letter" and "was unable to evaluate his options of how to handle this debt" did not constitute concrete injury); *Cavazzini*, 2021 WL 5770273, at *7.

5

Second, the plaintiff's vague claim that he had to "spend time and money" investigating

the two letters cannot be the only basis for standing.  The plaintiff does not explain how or on

what he spent "time and money."  To the extent that he paid a lawyer to advise him about the

two letters, "reimbursement of the costs of litigation cannot alone support standing."  *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 108 (1998).  "These types of alleged injuries—spending

time and money because of mere concern and confusion—are not sufficiently concrete unless

they are inextricably bound up in a cognizable injury, such as where a plaintiff faces a sufficient

risk of harm, and then spends time, money, and effort mitigating that risk."  *Wolkenfeld*, 2022

WL 1124828, at *2 (alteration and quotation marks omitted) (quoting *Pollak*, 2022 WL 580946,

at *1); *see also Cavazzini*, 2021 WL 5770273, at *7.  "[The] [p]laintiff has not alleged any

underlying harm or risk of harm that supports treating the cost of his mitigation efforts as a

concrete injury."  *Pollak*, 2022 WL 580946, at *1 (internal citations omitted) (citing *Cavazzini*,

2021 WL 5770273, at *7).

Nor do the plaintiff's alleged injuries bear a close relationship to the traditionally

cognizable harm of fraud.  (ECF No. 23 at 1.)  "*TransUnion* and cases decided since demonstrate

that, where a key element of the analogous common-law or historical harm is missing, the

plaintiff lacks standing."  *Kola v. Forster & Garbus LLP*, No. 19-CV-10496, 2021 WL 4135153,

at *6 (S.D.N.Y. Sept. 10, 2021).  Accordingly, some form of detrimental reliance is necessary to

establish a "close relationship" with fraud.  *Id.* at *7 (listing the elements of fraudulent

misrepresentation); *see also id.* (finding that "merely receiving a letter from a debt collector that

was confusing or misleading as to the amount owed [did] not demonstrate a harm closely related

to fraudulent or negligent misrepresentation," because the plaintiff "failed to establish that she

relied on the letter in making any decision about paying the debt"); *Faherty v. Rubin & Rothman,*

*LLC*, No. 21-CV-650, 2022 WL 1025958, at *5 (D. Conn. Apr. 6, 2022) (finding the plaintiff

"failed to establish that she relied on the letter in making any decision about paying the debt"

(citation omitted)).  The plaintiff cites portions of the complaint to support his claim that he has

sufficiently alleged detrimental reliance (ECF No. 23 at 3-4 (citing ECF No. 17 ¶¶ 39, 48-52,

54)): that after he read the first letter but before he received the second letter, he "was excited

that he did not owe this debt anymore and did not consider paying because [the defendants] said

he owed zero [dollars]" (ECF No. 17 ¶ 39), and that "[b]ut for Defendant[s'] actions, Plaintiff

would have responded differently." (*Id.* ¶ 49.)  But neither claim establishes an injury.  The

plaintiff does not claim that he decided not to make payments on the debt because he was

confused about conflicting settlement amounts, nor does he explain in the complaint how he

would have "responded differently."

In his supplemental briefing, the plaintiff acknowledges that he has not made any

payments on the debt, but argues that he is entitled to the "inference that [he] did not pay as a

result of [his] confusion over the amounts owed in the two different letters." (ECF No. 23 at 4.)

He contends that "[t]his inference is a reasonable one in light of [his] additional allegation that

[he] would have altered [his] course of conduct, *i.e.* pay the debt or otherwise reach out to

Defendant for settlement talks, had the two letters not been deceptive." (*Id.*)  But the complaint

does not include those allegations.  It says only that "[b]ut for Defendant[s'] actions, Plaintiff

would have responded differently."[3]  The complaint "is devoid of the type of specific factual

allegations that would allow the Court to assume that [the] [p]laintiff actually relied on [the

defendants'] representation to his own detriment, and thus these allegations also fail to establish

standing." *Wolkenfeld*, 2022 WL 1124828, at *3.  The plaintiff's suggested "inferences" cannot

---

[3] The defendants make the same observation.  (ECF No. 19 at 8 ("The SAC is devoid of any claim that
Plaintiff attempted to make a payment or dispute the debt.").)

make an otherwise insufficient complaint sufficient.  *See id.* (rejecting the plaintiff's argument

that "the Court must accept that Plaintiff 'did *something* different than he otherwise would have

and that he incurred injuries in the process' because "a plaintiff 'must plead enough facts to

make it plausible that they did indeed suffer the sort of injury that would entitle them to relief'"

(emphasis in original) (quoting *Maddox*, 19 F.4th at 65-66)); *see also Ciccone v. Cavalry*

*Portfolio Servs., LLC*, No. 21-CV-2428, 2021 WL 5591725, at *5 (E.D.N.Y. Nov. 29, 2021)

("Plaintiff does not allege . . . that he relied on [the wording in a collection letter] to his detriment

in any way . . . .").

     Accordingly, because the plaintiff does not allege any concrete injury and does not have

Article III standing, the Court lacks subject matter jurisdiction over this matter, and the claims

must be dismissed.  I do not reach the defendants' argument that the complaint should be

dismissed for failure to state a claim.[4]

---

[4] The defendants argue the plaintiff "has alleged sufficiently concrete allegations of damages to establish
Article III standing."  (ECF No. 24.)  Following *TransUnion* and *Maddox*, defendants in FDCPA cases
have made similar arguments to support removal from state court.  *See Wolkenfeld*, 2022 WL 1124828,
at *1; *see also Jungreis v. Independence Cap. Recovery LLC et al.*, 21-CV-6349 (E.D.N.Y. May 3,
2022).  The Court has "an independent obligation to resolve any issue about [its] subject matter
jurisdiction *sua sponte*."  *Gross*, 2022 WL 2116669, at *1; *see also United Food & Com. Workers
Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) ("Litigants . . .
cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they 'fail to
challenge jurisdiction early in the proceedings.'" (quoting *Ins. Corp. of Ireland v. Compagnie des
Bauxites de Guinee*, 456 U.S. 694, 702 (1982))).

## CONCLUSION

For these reasons, the complaint is dismissed without prejudice for lack of subject matter jurisdiction, and the defendants' motion to dismiss is denied as moot.  The Clerk of the Court is respectfully directed to close this matter.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
        July 12, 2022